IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JODY McCREARY, #1142309 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv389 |
| EDDIE BAKER, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Jody McCreary, a prisoner previously confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636(c).

### Facts of the Case

The original complaint was filed on October 3, 2008. The Plaintiff complained about a prison disciplinary proceeding, Case Number 20080243345, where he was charged $430 for intentionally damaging a state television by pulling the power cord out of the wall. On December 17, 2008, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Officer

1

Edith Petty was present during the hearing in the event the Court wanted testimony about information contained in the Plaintiff's prison records or about prison policies. The Plaintiff gave the Court permission to review his prison records about the incident and resulting disciplinary case.

The incident which is the subject of the complaint occurred in a dayroom in Eleven Building at the Beto Unit on May 7, 2008. The Plaintiff testified he was told that he could not watch television because of his classification. He responded by pulling on the power cord, which was pulled out of the wall. He received a disciplinary case for damaging state property. After a disciplinary hearing, he was charged $430. He argued that the amount was unjust. He asserted that he did not break the television; instead, he only damaged the cord. He further asserted that it should not have cost more than $12 to replace the cord.

The Plaintiff testified that he had a disciplinary hearing. Defendant Captain Jock presided over the hearing. The Plaintiff indicated that he initially attended the hearing, but he was removed because of something that he said. He testified that they said he was disruptive. The Plaintiff stated that he does not recall what he said, but his statement made prison officials angry and he was removed. It is noted that prison records indicated that he used profanity. He was charged $430 for damaging the television. The Plaintiff specified that he was given a copy of the findings. The explanation for finding him guilty was that he intentionally and knowingly damaged the television. The Plaintiff again testified that he did not damage the television; instead, he only damaged the cord. He added that the television was not working properly even before the incident. Defendant Warden Baker denied his Step 1 grievance and specified that there was sufficient evidence that he had damaged the televison.

The disciplinary records were provided to the Court with the Plaintiff's permission. The records reveal that Officer A. Hewlett was the charging officer. She prepared an Offense Report, which provided the following discussion of the facts of the case:

> As I was walking by the dayroom, offender McCreary began to scream that he wanted the TV remote control. I advised him that being G5, he was not allowed to view the TV and was only allowed to recreate. I told him to calm down if he wanted to continue recreation. He began to scream and pulled the power cord off and pulled the coax cable out of the wall plug - damaging the TV and electric plug.

Officer Hewlett charged him with intentionally damaging or destroying state property. The Service Investigation Worksheet reveals that he was served with a copy of the charges on May 12, 2008. The Plaintiff requested to be represented by counsel substitute. He did not ask for any witnesses nor documentary evidence. The disciplinary hearing was conducted on May 15, 2008. The Plaintiff was excluded from the hearing because he was belligerent. A Destruction of State Property Assessment Report specified that damages amounted to $430. Captain Jock found the Plaintiff guilty based on the Offense Report and documentary evidence. In addition to being charged $430, the Plaintiff also lost commissary privileges for 45 days, had cell restrictions for 45 days and was to remain at Line Class 3. The records also show that he received notification of the disciplinary hearing results.

The grievance records reveal that the Plaintiff filed a Step 1 grievance on May 18, 2008. Warden Baker denied the grievance. Warden Baker specified that there were no procedural errors and that there was sufficient evidence to support the guilty verdict. He added that the Plaintiff was "being charged $430 for intentionally damaging a TV, said property belonging to the State of Texas." The Plaintiff filed a Step 2 grievance, which was denied by V. L. Brisher on July 14, 2008.

Discussion and Analysis

The Supreme Court has held that the due process clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good time or the imposition of solitary confinement. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Supreme Court attempted to strike a balance between the interests of the inmates and the needs of the prison system in specifying the procedures that must be followed in the disciplinary hearings. Inmates must be afforded written notice of the claimed violation at least 24 hours prior to the hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

In *Crespo v. Cockrell*, 61 Fed. Appx. 119 (5th Cir. 2003), the Fifth Circuit dealt with a prison disciplinary case that included punishment depriving the appellant of funds. The Fifth Circuit described the lawsuit as a mixed habeas/civil rights lawsuit. The Fifth Circuit noted that the district court had addressed only the habeas corpus aspects of the case and had not considered the property interest claim. The property interest aspect of the case was remanded, and the order remanding the case included instructions to consider whether the *Wolf v. McDonnell* procedures were followed.

In the present case, the Plaintiff has chosen to bring a civil rights lawsuit concerning his property interest in the $430. He argued that he should not have been charged $430, and that it should not have cost more than $12 to replace the cord. The issue before the Court is whether he was provided due process as specified in *Wolff v. McDonnell*. The records reveal that he was provided notice of the charges on May 12, 2008. He was given more than 24 hours to prepare for

4

the hearing, which was conducted on May 15, 2008. He was initially permitted to attend the hearing, but he was removed from the hearing because of his comments, which were described as belligerent. It is noted that prison officials were entitled to remove him from the hearing in light of his disruptive behavior. *Wolff v. McDonnell*, 418 U.S. at 564-65. He was informed of his right to have witnesses and to present documentary evidence, but he requested neither. Finally, he acknowledged that he was given a copy of the findings from the disciplinary hearing and the reasons relied on in finding him guilty. He was accorded all of his due process rights.

The Plaintiff's primary complaint is about the amount of money he was charged. He denied that he damaged the television and expressed the opinion that he should not have been charged more than $12 to replace the cord. Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). In the present case, the Offense Report provided some evidence to support the conclusion that he damaged the television. Furthermore, the document entitled Destruction of State Property Assessment Report provided some evidence that the damages amounted to $430. There was some evidence to support the findings of Captain Jock. The lawsuit should be dismissed.

The claims against Warden Baker should be dismissed for an additional reason. He was sued because he denied the Plaintiff's Step 1 grievance. However, suing an official because he denied the prisoner's grievance does not state a cognizable § 1983 claim. *See Green v. Hendrick*

*Medical Center*, 251 F.3d 157, 2001 WL 300844 (5th Cir. 2001); *Ordaz v. Lynaugh*, 20 F.3d 1171, 1994 WL 144882 (5th Cir. 1994).

In conclusion, the Plaintiff was not deprived of a property interest without due process. His constitutional rights were not violated. The facts as alleged and developed fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that the civil rights complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So ORDERED and SIGNED this 6th day of January, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE